IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TESS MILLER, AND CHRISTOPHER
JENKINS,

      Plaintiffs,

v.                                                    1:21-cv-00473-JB-LF

IPRA CUSTODIAN, APD RECORDS CUSTODIAN,
CIVILIAN POLICE OVERSIGHT AGENCY,
CIVILIAN POLICE OVERSIGHT AGENCY BOARD,
EDWARD HARNESS, EXECUTIVE DIRECTOR OF CPOA,
OFFICERS JOHN/JANE DOES, OFFICER MARTIN SMITH
#2175, MICHAEL GEIER, CHIEF OF POLICE,
TIMOTHY M. KELLER, MAYOR OF THE CITY OF
ALBUQUERQUE, CITY ATTORNEY ESTEBAN
A. AGUILAR, JR., SGT. KENNY #2746, ALBUQUERQUE
POLICE DEPARTMENT,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANTS' MOTION TO DISMISS AND FOR QUALIFIED IMMUNITY
IN LIEU OF AN ANSWER AND ON DEFENDANTS' MOTION TO STRIKE**

THIS MATTER comes before the Court on Defendants Ed Harness, Martin Smith, Tim

Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight

Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion

to Dismiss and for Qualified Immunity in Lieu of an Answer, filed on May 28, 2021.  Doc. 9.

Plaintiffs did not file a response, and the time to do so has now passed.[1]  On June 16, 2021,

defendants filed a Notice of Completion of Briefing.  Doc. 12.  This matter also comes before the

Court on Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny,

and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency

---

[1] Under the Local Rules, a response must be filed within 14 days after service of the motion.
D.N.M.LR-Civ. 7.4(a).

Board, and Albuquerque Police Department's Motion to Strike Plaintiffs' "Amended Complaint, Names and Badge Numbers," filed on December 6, 2021.  Doc. 20.  Plaintiffs had through December 20, 2021, to file their response but did not do so, and on December 27, 2021, defendants filed a Notice of Completion of Briefing.  Doc. 21.

United States District Judge James O. Browning referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 14.  Having reviewed the briefing, the law, and being otherwise fully advised, I recommend that the Court GRANT the Motion to Dismiss and for Qualified Immunity in Lieu of an Answer (Doc. 9) IN PART, GRANT the Motion to Strike (Doc. 20), and remand the remaining claims to state court.

## I.    Motion to Dismiss

### A.    Procedural History

Plaintiffs Tess Miller and Christopher Jenkins filed this case in the State of New Mexico, County of Bernalillo, Second Judicial District Court on April 21, 2021.  Doc. 1-1 at 3–119. Plaintiffs' complaint arises from a visit to their home by a social worker and police officers investigating allegations of child neglect.  *See* Doc. 1-1 at 5–14.  Plaintiffs allege that their civil rights were violated "pursuant to 42 U.S.C. sections [sic] 1983 . . . of rights secured to plaintiffs under the United States Constitution, including the First, Fourth, and Fourteenth Amendments and under federal and state law."  *Id*. at 3, ¶ 1.  In addition, plaintiffs appear to allege violations of the New Mexico Inspection of Public Records Act, N.M. STAT. ANN. § 14-2-1 *et seq*., connected to their attempts to obtain records related to the incident.  *See*  Doc. 1-1 at 9, ¶¶ 48–57. Plaintiffs did not delineate specific causes of action, nor did they list what federal or state laws they claim that each defendant violated.  *See generally* Doc. 1-1.

The case was removed to this Court on May 21, 2021, by the same defendants who filed the instant motion to dismiss. Doc. 1 at 1. Defendants removed the case pursuant to 28 U.S.C. §§ 1331 and 1343(a), asserting federal question jurisdiction based on plaintiffs' claim under 42 U.S.C. § 1983 that defendants violated their First, Fourth, and Fourteenth Amendment rights. *Id.* at 4, ¶¶ 19–21. Defendants filed their motion to dismiss pursuant to Rule 12(b)(6) and qualified immunity on May 28, 2021. Doc. 9. In their motion, defendants raise several arguments: (1) defendants Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department are non-suable entities and should be summarily dismissed; (2) plaintiffs failed to plead sufficient facts to plausibly support a claim for relief against defendants Harness, Keller, Aguilar, and Kenny; (3) plaintiffs failed to plead sufficient facts to plausibly support a First or Fourteenth Amendment claim; (4) plaintiffs do not have standing to bring an Inspection of Public Records Act ("IPRA") claim and/or they have not pled sufficient facts to plausibly support an IPRA claim; and (5) plaintiffs failed to plead sufficient facts to plausibly support a claim against Officer Smith, and he is entitled to qualified immunity. Doc. 9 at 5–18. For the reasons explained below, I recommend that the Court grant the motion in part. I recommend that the Court dismiss all of plaintiffs' constitutional claims. I further recommend that the Court not exercise supplemental jurisdiction over plaintiffs' state law claims under IPRA, and that it remand the IPRA claims to the state court.

## B.  <u>The Law Regarding Dismissal for Failure to State a Claim</u>

Defendants' motion to dismiss is based in part on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 9. In applying Rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and it may not consider matters outside the pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The

Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is factually or legally insufficient to state a plausible claim for relief. *Id.*

Plaintiffs are proceeding pro se. In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and pro se plaintiffs must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for a pro se plaintiff or to supply factual allegations to support the plaintiff's claims. *Hall,* 935 F.2d at 1110. Nor may the Court assume the role of advocate for pro se litigants. *Id.*

Plaintiffs did not file a response to defendants' motion. When pro se litigants fail to respond to a motion to dismiss, the "district court may not grant a 12(b)(6) dismissal based solely on the plaintiff's failure to respond. Instead, it must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished) (internal citations and quotations omitted).

C. **Analysis**

1. **Defendants Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and the Albuquerque Police Department are non-suable entities.**

The Albuquerque Police Department ("APD") is not a "suable entit[y] under Section 1983" because it lacks a legal identity apart from the municipality itself. *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992) (unpublished table decision). "[T]he United States District Court for the District of New Mexico has consistently held that the APD is not a suable entity." *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (collecting cases). Because the APD is merely a department of the City of Albuquerque, it is not a proper party and cannot be held liable for plaintiffs' § 1983 claims. Accordingly, I recommend the Court dismiss all claims against the APD.

Like the APD, the Civilian Police Oversight Agency ("CPOA") and the Civilian Police Oversight Agency Board ("CPOA Board") lack legal identities apart from the municipality itself, and therefore are not suable entities under § 1983. *See Ketchum,* 958 F.2d 381. The CPOA is an independent agency of the City of Albuquerque and is accountable to the mayor's office, the Albuquerque City Council, and the APD. *Albuquerque Code of Ordinances* § 9-4-1-4. The CPOA consists of the Civilian Police Oversight Agency Board ("CPOA Board") and an Administrative Office. *Id.* Because the CPOA is merely an agency of the City of Albuquerque, and the CPOA Board is merely the board of an agency of the City of Albuquerque, they are not proper parties and cannot be held liable for plaintiffs' § 1983 claims. Accordingly, I recommend that the Court dismiss all claims against the CPOA and the CPOA Board.

## 2. Plaintiffs failed to plead sufficient facts to plausibly support a claim for relief against defendants Harness, Keller, Aguilar, or Kenny.

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is factually or legally insufficient to state a plausible claim for relief. *Id*. Plaintiffs' complaint as against defendants Edward Harness, the executive director of the CPOA; Tim Keller, mayor of the City of Albuquerque; Esteban A. Aguilar, city attorney; and Sergeant Kenny is factually and legally insufficient to state a plausible claim for relief. I therefore recommend that the Court dismiss plaintiffs' claims against these defendants with prejudice.

Plaintiffs' complaint alleges that sometime before September 5, 2019, "a county employee received an anonymous tip through there [sic] hotline" alleging that plaintiffs were neglecting their children by not providing adequate food and that plaintiffs were abusing drugs. Doc. 1-1 at 5, ¶ 8. Based on that allegation, a social worker from the Department of Children, Youth and Family Services arrived to do a welfare check, but plaintiff Miller refused to allow the social worker to check the children. *Id*. at 5–6, ¶¶ 9–18. Plaintiffs claim that Officer Smith arrived and insisted on checking on the children, ultimately resulting in Officer Smith entering their home to do the welfare check over plaintiffs' objections. *Id*. at 6–8, ¶¶ 19–39.

Plaintiffs then claim that Sgt. Kenny arrived and took over the investigation, making Officer Smith "go to his patrol car or downstairs." *Id*. at 8–9, ¶¶ 43–45. Plaintiffs next allege that they "filled [sic] for 2 IPRA requests," which were denied "after longer than a year of waiting" resulting in an IPRA violation. *Id*. at 9, ¶¶ 48–49. Plaintiffs allege that they filed a complaint with the Attorney General concerning the City's failure to provide the requested records, and that the City "refused the Attorney General and plaintiffs['] request for body camera footage and 911 call." *Id*. ¶ 52. As to defendant Aguilar, plaintiffs claim that "city attorney did

not respond to plaintiff's response to the City's Attorneys [sic] response to IPRA complaint on

01-21-2021." *Id*. at 10, ¶¶ 55–56.

Next, plaintiffs contend that they filed a complaint with the CPOA and that "the CPOA

did not conduct a thorough and impartial investigation," and that the "CPOA response statements

lack actual merit if not falsified entirely to hinder the plaintiffs in seeking justice." *Id*. ¶¶ 58–64,

66. Plaintiffs further allege that the CPOA "wrongfully, prematurely, administratively closed the

case," and that "the CPOA turns their civil rights into a crime in most of the statements made by

CPOA in findings letter." *Id*. at 11, ¶¶ 71, 78. As to defendant Harness, plaintiffs alleged that he

"admits to not having enough resources, employees." *Id*. at 10, ¶ 65.

Plaintiffs' incidental references to defendants Kenny, Aguilar, and Harness are factually

insufficient to support any cause of action against them. In addition, plaintiffs' complaint makes

no specific legal claims against any of these defendants. Plaintiffs' complaint does not mention

Mayor Timothy Keller, other than listing him in the caption. For each of these defendants,

plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe

County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal

court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated."). Because plaintiffs' complaint is factually and legally

insufficient to state a plausible claim for relief against these defendants, I recommend that the

Court dismiss all claims against them.

**3.   Plaintiffs failed to plead sufficient facts to plausibly support a First or Fourteenth Amendment claim.**

Plaintiffs state that they bring their lawsuit pursuant to 42 U.S.C. § 1983 for violations of their rights under the First and Fourteenth Amendments.  Doc. 1-1 at 3, ¶ 1.  However, Plaintiffs' complaint fails to allege any facts that would state a claim for deprivation of a First or Fourteenth Amendment rights.  Because the face of plaintiffs' complaint contains nothing related to a deprivation of a First or Fourteenth Amendment right, I recommend the Court dismiss these claims.

To assert a claim for First Amendment retaliation, a claimant must establish:  "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."  *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (citations and internal quotation marks omitted).  Plaintiffs have made no such allegations; therefore, their First Amendment claim, to the extent it exists in their complaint, fails and should be dismissed.

The Fourteenth Amendment provides in part:  "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  There are two types of constitutional protections provided for within the Fourteenth Amendment:  substantive due process and procedural due process.  *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).  Substantive due process "guarantees that the state will not deprive a person" of certain rights "no matter how fair the procedures are" used to make the decision.  *Id*. (internal citation and quotation omitted).  Procedural due process "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision."  *Id*.

Plaintiffs' complaint nowhere alleges that plaintiffs were denied due process of law, either procedurally or substantively.  Plaintiffs have failed to state a claim upon which relief can be granted with regard to the Fourteenth Amendment.  Plaintiffs' claim, if any, for deprivation of rights under the Fourteenth Amendment, should be dismissed.

### 4.  Officer Smith is entitled to qualified immunity.

Defendants assert that Officer Smith is entitled to qualified immunity on plaintiffs' claims against him.  Doc. 9 at 14–18.  Defendants argue that plaintiffs have not pled sufficient facts to show that they meet either prong of the qualified immunity analysis, and they urge the Court to dismiss plaintiffs' claims against Officer Smith with prejudice.  *Id*. at 15–16.

"Qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset."  *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995)).  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  Once a defendant has asserted a qualified immunity defense, the burden shifts to the plaintiff to establish that:  (1) the defendant violated a constitutional right; and (2) the right was "clearly established" at the time of the defendant's alleged misconduct.  *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020).  "[I]f the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense."  *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016); *see also Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877–78 (10th Cir. 2014) ("[T]he record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden;

otherwise, the defendants are entitled to qualified immunity.") (internal quotation marks omitted).

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("At [the motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness.") (internal quotation marks omitted) (emphasis in original). "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks and citation omitted). The court has "discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Brown*, 662 F.3d at 1164 (internal quotation marks and alterations omitted).

First, plaintiffs fail to plead facts plausibly showing that Officer Smith violated a constitutional right. *See Keith*, 707 F.3d at 1188. Plaintiffs did not delineate any specific causes of action against Officer Smith. *See generally* Doc. 1-1. As defendant points out, "Plaintiffs did not claim that their home was unlawfully searched or that any other action of Officer Smith's was unlawful." Doc. 9 at 1. Plaintiffs' complaint contains minimal references to the law. Plaintiffs generally alleged that they were deprived of their rights under the "First, Fourth, and

Fourteenth Amendments, and under federal and state law."  Doc. 1-1 at 3.[2]  However, plaintiffs

provided no explanation of how Officer Smith violated any of these constitutional rights.  *See*

Doc. 1-1.  Plaintiffs' only other legal claims against Officer Smith are that he

> presented, fabricated evidence and made malicious allegations that minor
> plaintiffs where [sic] abused/neglected by their parents and failing to disclose
> exculpatory evidence; questioning and obtaining testimony from plaintiffs
> through the use of undue influence, coercion, and duress; and continuing to
> harass, annoy, threaten, and lie to plaintiffs, and otherwise interfere with
> Plaintiffs' lives, after any purported exigency or need ceased to exist.

*Id*. at 13, ¶ 91.  However, plaintiffs failed to identify how this was a violation of a statutory or

constitutional right, or what statutory or constitutional right was violated.

Even were the Court to construe plaintiffs' complaint as raising a Fourth Amendment

claim for a warrantless search of their home, which it does not, Officer Smith is entitled to

qualified immunity.  As a general rule, a search requires a warrant based on probable cause.

*Illinois v. Gates*, 462 U.S. 213, 239 (1983). "Searches conducted without a warrant are per se

unreasonable under the Fourth Amendment—subject only to a few 'specifically established and

well-delineated exceptions.'" *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir.

2003) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  These exceptions include

consent, exigent circumstances, and a "special need." *Doe v. Woodard*, 912 F.3d 1278, 1290

(10th Cir. 2019).  "The exigent circumstances exception allows a warrantless search when an

emergency leaves police insufficient time to seek a warrant.  It permits, for instance, the

warrantless entry of private property when there is a need to provide urgent aid to those inside,

when police are in hot pursuit of a fleeing suspect, and when police fear the imminent

destruction of evidence." *Birchfield v. North Dakota*, 579 U.S. 438, ___, 136 S. Ct. 2160, 2173

---

[2] As discussed above, Plaintiffs failed to plead sufficient facts to plausibly support a First or
Fourteenth Amendment claim.

(2016) (citations omitted).  "Warrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment."  *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (quotations, citation and brackets omitted).

Officer Smith argues that plaintiffs failed to allege a Fourth Amendment violation because they failed to allege that he did not have exigent circumstances for searching the home. Doc. 9 at 16–17.  The Court notes, however, that plaintiffs alleged in their complaint that when they asked Officer Smith "what the exigent circumstances are, he refused to disclose, giving plaintiffs reason to believe he did not have any."  Doc. 1-1 at 7, ¶ 25.  Officer Smith also argues, however, that the facts plaintiffs allege in their complaint show exigent circumstances:

> Plaintiffs' Complaint contains allegations of physical neglect of minor children— insufficient food and drug use by Plaintiffs, the parents of the children, coupled with an attempted visit by a social worker, whereupon Plaintiffs refused the social worker's request to see the children and make sure there was adequate food. [Doc. 1-1, pp. 5-6, ¶¶ 8-14]  Plaintiffs' Complaint not only fails to allege that Officer Smith had exigent circumstances, but provides the very basis for exigent circumstances.

Doc. 9 at 17.  Plaintiffs did not respond to the motion to dismiss and failed to explain how these facts do not show exigent circumstances.  More importantly, Officer Smith argues that "Plaintiffs failed to allege that [he] violated clearly established law and have failed to provide authority that it would have been clear to Officer Smith that he was not entitled to perform a welfare check based on exigent circumstances."  *Id.* at 18.  Once Officer Smith raised the defense of qualified immunity, the burden shifted to plaintiffs to show that:  (1) the defendant violated a constitutional right; and (2) the right was "clearly established" at the time of the defendant's alleged misconduct.  *Estate of Smart by Smart*, 951 F.3d at 1168.  Plaintiffs did not respond to the motion to dismiss and therefore have failed to establish the law was clearly established.

In *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013), the Tenth Circuit held that defendants were entitled to qualified immunity where "[p]laintiff made little, if any, attempt to meet his 'heavy two-part burden,'" failed to discuss how defendants' actions violated his constitutional rights, failed to discuss whether the rights at issue were clearly established, and provided no relevant case citations.  In *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013), because plaintiff "didn't even try to meet" his burdens of proof, the Tenth Circuit found the district court's grant of summary judgment based on qualified immunity "inexorabl[e]" and "unassailable."  *See also Kelley v. Wright*, No. 19cv2278 JAR-JPO, 2019 WL 6700375, at *11 (D. Kan. Dec. 9, 2019) (finding plaintiff who "failed to respond to Defendants' motion [for judgment on the pleadings] raising qualified immunity . . . [had] not met his burden of establishing that the rights in question were clearly established at the time.").  As in *Rojas*, *Smith*, and *Kelley*, plaintiffs here fail to show how Officer Smith's actions violated their constitutional rights, fail to discuss whether the rights at issue were clearly established, and provide no citations to case law showing that their rights were clearly established.  Officer Smith is entitled to qualified immunity.  *See A.M. v. Holmes*, 830 F.3d at 1134–35; *Felders ex rel*, 755 F.3d at 877–78 ("[T]he record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.").  Because plaintiffs fail to meet their burden on either prong, I recommend that the Court grant Officer Smith's motion to dismiss based on qualified immunity.

     **5.   The Court should decline to exercise jurisdiction over plaintiffs' IPRA claims.**

Federal courts are "courts of limited jurisdiction."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Federal courts have the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between

citizens of different states—diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Once a court

has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction

over additional claims that are part of the same case or controversy.  *Exxon Mobil Corp*., 545

U.S. at 552; 28 U.S.C. § 1367(a).  Federal courts may exercise pendent jurisdiction over state

law claims when "state and federal claims . . . derive from a common nucleus of operative fact."

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

      "When all federal claims have been dismissed," however, "the court may, and usually

should, decline to exercise jurisdiction over any remaining state claims."  *Koch v. City of Del

City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City

Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)).  The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and
> to promote justice between the parties, by procuring for them a surer-footed
> reading of applicable law.  Certainly, if the federal claims are dismissed before
> trial, even though not insubstantial in a jurisdictional sense, the state claims
> should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726.  A district court does not "abuse [its] discretion" when it

declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . .

where it 'has dismissed all claims over which it has original jurisdiction.' "  *Muller v.

Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished).  District courts usually

should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies.  *See

Armijo v. New Mexico*, 2009 WL 3672828, at *4 (D.N.M. 2009) (unpublished) ("The Supreme

Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged

it.").

      As discussed above, plaintiffs failed to state a claim under the First Amendment or the

Fourteenth Amendment.  In addition, to the extent that plaintiffs' complaint raises a claim

against Office Smith under the Fourth Amendment, Officer Smith is entitled to qualified

immunity.  Thus, I have recommended dismissing all of plaintiffs' claims for constitutional

violations, or federal question claims under 28 U.S.C. § 1331.  I therefore recommend that the

Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims under the

IPRA, and that the Court remand these claims to state court.

## II.     Motion to Strike and Dismissal with Prejudice

Rule of Civil Procedure 15(a) provides that leave to amend a party's complaint "shall be

freely given when justice so requires."  *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219

(10th Cir. 2006).  The district court may dismiss without granting leave to amend when it would

be futile to allow the plaintiff an opportunity to amend his complaint.  *Id.* (citing *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir.1991)).  In determining whether to allow amendment of a

complaint, the court considers several factors, including "whether the amendment will result in

undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good

faith, or that the party had had sufficient opportunity to state a claim and failed."  *State

Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

In this case, plaintiffs have had sufficient opportunities to state a claim but have failed to

do so.  Plaintiffs filed their initial complaint on April 21, 2021, in the Second Judicial District

Court for the State of New Mexico.  Doc. 1-1 at 3–119.  On May 21, 2021, defendants removed

the case to this court.  Doc. 1.  On May 28, 2021, defendants filed their Motion to Dismiss and

for Qualified Immunity in Lieu of an Answer.  Doc. 9.  On June 29, 2021, plaintiffs filed an

amended complaint.  Doc. 15.  The Court struck the amended complaint from the record for

failure to comply with Federal Rule of Civil Procedure 15.  Doc. 16.

In its Order Striking Amended Complaint, the Court explained to plaintiffs that they had

missed the deadline to file an amended complaint as a matter of course.  Doc. 16 at 1–2 (citing

Rule 15(a)(1)(B) and explaining that plaintiffs had until June 18, 2021 (or "21 days after service

of a motion under Rule 12(b)") to file an amended complaint as a matter of course).  The Court further explained that plaintiffs could amend at this point "only with the opposing party's written consent or the court's leave."  *Id*. at 2 (quoting FED. R. CIV. P. 15(b)(2)).  The Court advised plaintiffs that they must "file a motion for leave to file an amended complaint should they wish to ask for the Court's permission to file an amended complaint."  *Id*. at 3.  Despite the Court's instructions, plaintiffs did not file a motion for leave to file an amended complaint.

Instead, on November 22, 2021, plaintiffs filed a different second amended complaint. Doc. 19.  On December 6, 2021, defendants filed a motion to strike this complaint.  Doc. 20. Defendants proffer two reasons for striking the second amended complaint.  First, defendants argue that plaintiffs failed to seek defendants' permission or the Court's leave to file an amended complaint, as required by Federal Rule of Civil Procedure 15, and as previously admonished by the Court.  *Id*. at 2–3.  Second, defendants argue that allowing plaintiffs to file this amended complaint would be futile because it fails to state a claim upon which relief could be granted.  *Id*. at 3–4.  Plaintiffs did not file a response to the motion to strike.  For the reasons explained below, I agree with defendants.

In the instant case, defendants Ed Harness, Martin Smith, Timothy Keller, Esteban A. Aguilar, Sean Kenny, Civilian Police Oversight Agency, Civilian Police Agency Board, and Albuquerque Police Department filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 28, 2021.  Doc. 9.  Plaintiffs had until June 18, 2021 (or "21 days after service of a motion under Rule 12(b)") to file an amended complaint against these defendants as a matter of course.  FED. R. CIV. P. 15(a)(1)(B).  Plaintiffs did not file their second amended complaint (Doc. 19) until November 22, 2021, and thereby missed the deadline to file an amended complaint as a matter of course.  Despite the Court previously explaining to plaintiffs that they must either obtain defendants' permission or file a motion with the Court

seeking permission to file an amended complaint, plaintiffs once again filed an amended complaint without following the rules.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).[3]  Plaintiffs' second amended complaint (Doc. 19) should be stricken from the record for failure to comply with the rules.

Alternatively, even if the Court were to overlook plaintiffs' failure to follow the rules and were to construe plaintiffs' second amended complaint as a motion to amend, the Court should deny leave to amend.  Plaintiffs' attempt to amend is futile because plaintiffs' second amended complaint fails to state a claim upon which relief can be granted.  "A court should deny leave to amend under Rule 15(a) where the proposed amendment would be futile." *Benavidez v. Sandia Nat'l Labs*, No. 15cv0922 JB/LF, 2017 WL 3052765, at *35 (D.N.M. June 21, 2017).  "A proposed amended complaint is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiffs' second amended complaint adds five officers to the caption but deletes the majority of the factual and legal allegations from the complaint.  *See* Doc. 19.  The second amended complaint contains the legal conclusion that defendants "knowingly and willfully, with malice and oppression, participated in, approved of, and or [sic] aided and abetted with the intent to harm plaintiffs' fundamental liberty rights." *Id*. at 2.  The second amended complaint does not

---

[3] The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

set forth any factual allegations to support this legal conclusion, and it is insufficient to support any cause of action.  *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because plaintiffs' second amended complaint fails to state a claim for relief, allowing amendment would futile.

Plaintiffs have "had sufficient opportunity to state a claim and failed."  *State Distributors, Inc.*, 738 F.2d at 416.  I therefore recommend that the Court dismiss plaintiffs' federal claims with prejudice.

### III.   Conclusion

I recommend the Court GRANT IN PART Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion to Dismiss and for Qualified Immunity in Lieu of an Answer (Doc. 9).  The APD, the CPOA and the CPOA Board are not suable entities under § 1983, and they should be dismissed with prejudice because any amendment against these defendants would be futile as a matter of law. Plaintiffs' complaint against defendants Edward Harness, Tim Keller, Esteban A. Aguilar, or Sergeant Kenny is factually and legally insufficient to state a plausible claim for relief.  I therefore recommend that the Court dismiss claims against these defendants.  Plaintiffs failed to plead sufficient facts to support a First or Fourteenth Amendment Claim.  I therefore recommend the Court dismiss these causes of action.  And Officer Smith is entitled to qualified immunity on all of plaintiffs' claims against him.  I therefore recommend the Court dismiss all claims against Officer Smith.

I recommend the Court GRANT Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion to Strike

Plaintiffs' "Amended Complaint, Names and Badge Numbers" (Doc. 20). Plaintiffs have attempted to amend their complaint twice since defendants filed their motion to dismiss. Plaintiffs failed to follow the rules for amending their complaint even after the Court explained the rules. In addition, plaintiffs' second attempt to amend shows that amendment would be futile. I therefore recommend that the Court dismiss all the federal claims discussed above with prejudice.

Finally, I recommend that the Court decline to exercise jurisdiction over plaintiffs' IPRA claims, and that it remand these claims to state Court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge