IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Plaintiff, Tess Miller, Christopher Jenkins**

    **Plaintiffs,**

No. 1:21-cv-00473-JB-LF

v.

**IPRA Custodian, APD Records Custodian,
Civilian Police Oversight Agency,
Civilian Police Oversight Agency Board,
Executive Director of CPOA Edward Harness,
Officers John/Jain [sic] DOE's (1 through unknown), Officer Martin Smith #2175,
Michael Geier Chief of [P]olice, Mayor of the City of Albuquerque, Tim Keller,
City Attorney Esteban A. Aguilar, Jr., Sgt. Kenny #2746,
Albuquerque Police Department,**

    **Defendants.**

### DEFENDANT MICHAEL GEIER'S MOTION TO DISMISS
### FOR LACK OF SERVICE OF PROCESS

COMES NOW, Defendant Michael Geier, by and through counsel, Jerry A. Walz, Walz and Associates, P.C. and pursuant to a limited entry of appearance by Walz and Associates, P.C. hereby submits his Motion to Dismiss for Insufficient Service of Process pursuant to Fed R. Civ. P. 4(m), 12(b)(4), and 12(b)(5). City Defendants do not oppose the requested relief. The position of Plaintiffs was requested, by both e-mail and U.S. mail on February 1, 2022, but no response has been obtained, therefore it is presumed, based on the relief sought, that Plaintiffs oppose the requested relief. In the event that Plaintiffs respond to this request, the Court will be notified.

### BACKGROUND

Plaintiffs Tess Miller and Christopher Jenkins filed their complaint on April 21, 2021 [Doc. 1-1], alleging unlawful search and seizure. Plaintiffs allege that officers of the Albuquerque Police Department conducted an unlawful search of their home. Plaintiffs named, among others, former

Chief of Police Michael Geier. Plaintiffs have twice amended their Complaint, on June 29, 2021 [Doc. 15] and November 22, 2021 [Doc. 19]. Defendant Geier has not been served with a copy of either Plaintiffs' filed Complaint or the Amended Complaints.

On May 28, 2021, Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department ("City Defendants") filed their Motion to Dismiss and for Qualified Immunity in Lieu of an Answer [Doc. 9]. Pursuant to the City Defendants Motion, United States Magistrate Judge Laura Fashing on February 22, 2022 issued Proposed Findings and Recommended Disposition [Doc. 24] recommending that the Court grant the City Defendants' Motion to Dismiss and remand the state claims to state court. Defendant Geier was not one of the moving parties as he has never been served by Plaintiffs.

## LEGAL STANDARD

The district court lacks personal jurisdiction where the plaintiff has not properly served the defendant with process in accordance with Rule 4. *Williamson v. Sena*, 229 F.R.D. 663, 667 (D.N.M. 2005). Rule 4(m) requires the plaintiff to serve a copy of the summons and complaint on the defendant within 90 days of the complaint's filing. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed R. Civ. P. 4(m).

The Federal Rules of Civil Procedure provide the rules for service of process. A defendant may be served by the means listed in Rule 4(h) of the Federal Rules of Civil Procedure or by the means provided by the state in which "the district court is located or where service is made." Fed.

R. Civ. P. 4(h)(1)(a); 4(e)(1). Rule 1-004 of the New Mexico Rules of Civil Procedure specifies the procedures by which service of process may be achieved. Rule 1-004(C)(2) provides that "Service of process shall be made with reasonable diligence, and the original summons with proof of service shall be filed with the court in accordance with the provisions of Paragraph L of this rule." Rule 1-004(C)(2) NMRA.

Rule 12(b) provides, in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion ... (4) insufficient process (5) insufficient service of process." Fed. R. Civ. P. 12(b). Under Rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." *Martinez v. CitiMortgage, Inc.*, 347 F.Supp.3d 677 (D.N.M. 2018).

Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve. See *Lasky v. Lansford*, 76 F. App'x. 240, 240-41 (10th Cir. 2003)(unpublished). "[T]he plaintiff has the burden of establishing personal jurisdiction, and of establishing the validity of service of process." *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)(internal citations omitted).

## ARGUMENT

Plaintiffs have not effectuated service of process upon Defendant Geier. Defendant Geier is entitled to dismissal without prejudice under Fed R. Civ. P. 4(m), 12(b)(4), and 12(b)(5).

Rule 4(m) requires that a defendant be served within 90 days. Plaintiffs filed their originally filed Complaint on April 21, 2021. Although Plaintiffs' most recent Amended Complaint was filed on November 22, 2021, the filing of an amended complaint does not reset the time for service of a complaint except for defendants newly added in the amended complaint. "The… period provided

3

by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

Because Defendant Geier was named in Plaintiffs' April 21, 2021 Complaint, the 90-day period began to run from that date. This period expired on July 20, 2021. Rule 4(m) requires that the court either dismiss the action without prejudice against Defendant Geier or order that service be made within a specified time. Here, it is requested that Defendant Geier be dismissed rather than service be ordered. <u>Although Defendant Geier is named in the caption of the lawsuit, he is not otherwise mentioned in Plaintiff's originally filed complaint or any subsequent amended complaint, nor are any allegations made against him.</u> Further, as noted in the docket, the served parties have engaged in motion practice, the Court has made rulings, and it would be prejudicial for former Chief Geier to be added at this juncture if, in fact, he was to be served at some time in the future.

In addition to Rule 4(m), dismissal is warranted by Rules 12(b)(4) and 12(b)(5). Rule 12(b) provides, in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion ... (4) insufficient process (5) insufficient service of process." Fed. R. Civ. P. 12(b). Plaintiff bears the burden of demonstrating that service of process has been effectuated. *Serna v. Webster*, No. CIV 17-0020 JB/WPL, 2017 WL 4386359, at * 26 (D.N.M. Sept. 30, 2017)(citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).

Like Rule 4(m), Rules 12(b)(4) and 12(b)(5) allow for dismissal without prejudice. Here, Defendant Geier was not served. Unless Plaintiffs are able to show good cause for this very significant delay of service, Defendant Geier should be immediately dismissed without prejudice.

Moreover, in light of the Proposed Findings of Fact and Recommended Disposition [Doc. 24] it is appropriate that the Court dismiss Defendant Geier. Should the Court adopt the findings and conclusions of U.S. Magistrate Judge Fashing, it appears that Defendant Geier would be remaining as an unserved Defendant. Dismissal without prejudice of Defendant Geier will expedite the litigation as the granting of the motion will clear up the record where Defendant Geier is not lingering in state of limbo as an unserved defendant.

WHEREFORE Defendant Geier respectfully requests that Plaintiffs' claims be dismissed without prejudice based on lack of service, and that the Court award Defendant Geier any further relief as the Court deems just and reasonable and/or allowed by law.

Respectfully Submitted,

WALZ AND ASSOCIATES, P.C.

*/s/ Jerry A. Walz*
Jerry A. Walz, Esq.
*Attorney for Defendant Geier*
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 1, 2022, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing and a copy of the above pleading was sent via First Class Mail to:

Tess Miller
123 Glorieta St. NE #123A
Albuquerque, NM 87123
(505) 481-1886

AND

Christopher Jenkins
123 Glorieta St. NE #123A
Albuquerque, NM 87123
(505) 481-1886

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.