## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TESS MILLER and CHRISTOPHER
JENKINS,

      Plaintiffs,

vs.                                             No. CIV 21-0473 JB/LF

IPRA CUSTODIAN; APD RECORDS
CUSTODIAN; CIVILIAN POLICE
OVERSIGHT AGENCY; CIVILIAN POLICE
OVERSIGHT AGENCY BOARD; EDWARD
HARNESS, Executive Director of CPOA;
OFFICERS JOHN/JANE DOES; OFFICER
MARTIN SMITH #2175; MICHAEL GEIER,
Chief of Police; TIMOTHY M. KELLER,
Mayor of the City of Albuquerque; CITY
ATTORNEY ESTEBAN A. AGUILAR, JR.;
SGT. FNU KENNY #2746 and
ALBUQUERQUE POLICE DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING DEFENDANT MICHAEL GEIER'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed February 22, 2022 (Doc. 24)("PFRD").  In the PFRD, the

Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for

the District of New Mexico, recommends: (i) granting in part Defendants Ed Harness, Martin

Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police

Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police

Department's Motion to Dismiss and for Qualified Immunity in Lieu of an Answer, filed May 28,

2021 (Doc. 9)("Motion to Dismiss and for Qualified Immunity"); and (ii) granting Defendants Ed

Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities

Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion to Strike Plaintiffs' "Amended Complaint, Names and Badge Numbers", filed December 6, 2021 (Doc. 20)("Motion to Strike").  The PFRD required the parties to file any objections no later than March 8, 2022.  <u>See</u> PFRD at 19.

On March 8, 2022, Plaintiffs Tess Miller and Christopher Jenkins filed a document entitled Response to City's Claim for Immunity, filed March 8, 2022 (Doc. 27)("Objections").  The Court construes this submission as Objections to Magistrate Judge Fashing's PFRD.  The Court, having carefully reviewed the PFRD and Objections, will adopt Magistrate Judge Fashing's PFRD.

On March 1, 2022, after Magistrate Judge Fashing filed the PFRD, Defendant Geier filed Defendant Michael Geier's Motion to Dismiss for Lack of Service of Process, filed March 1, 2022 (Doc. 26)("Geier Motion").  Geier asks the Court to dismiss without prejudice the Plaintiffs' claims against him because of lack of timely service.  <u>See</u> Geier Motion at 5.  The Plaintiffs do not respond to the Geier Motion, and the time for doing so has now passed.  <u>See</u> D.N.M.LR-Civ. 7.4(a) ("Response must be served and filed within fourteen (14) calendar days after service of the motion.").  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  The Court concludes that the unopposed Geier Motion is well-taken and will grant it.

<b>LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND <u>RECOMMENDATIONS</u></b>

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve

and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In <u>One Parcel</u>, the Tenth Circuit, in accord with other Courts of Appeals, expanded the

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States of America -- in the course of approving the United States

Court of Appeals for the Sixth Circuit's use of this waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin.  News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See Id. at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(c), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit also noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district court elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the

magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit previously has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of §

636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted

a de novo review:

> It is common practice among district judges in this circuit to make such a statement
> and adopt the magistrate judges' recommended dispositions when they find that
> magistrate judges have dealt with the issues fully and accurately and that they could
> add little of value to that analysis.  We cannot interpret the district court's statement
> as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.  Notably, because "Congress intended to permit whatever reliance a

district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed

findings and recommendations," United States v. Raddatz, 447 U.S. at 676, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d

at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular

reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1)

and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of

course and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In

Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27,

2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings

and recommended disposition, and thus waived his right to appeal the recommendations, but the

Court nevertheless conducted a review.  See 2013 WL 1010401, at *1, *4.  The Court generally

does not, however, "review the PFRD de novo, because the parties have not objected thereto,

but rather review[s] the recommendations to determine whether they are clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013

WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the

issues had come before the Court first, when there is no objection, but rather adopts the PFRD where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt the PFRD.");  Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the PFRD, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The  Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## <u>ANALYSIS</u>

In the PFRD, Magistrate Judge Fashing recommends that the Court grant in part the Defendants' Motion to Dismiss and for Qualified Immunity, grant the Defendants' Motion to Strike, and remand the remaining claims to state court.  <u>See</u> PFRD at 2.  First, Magistrate Judge Fashing concludes that Defendants Civilian Police Oversight Agency ("CPOA"), Civilian Police Oversight Agency Board ("CPOA Board"), and the Albuquerque Police Department ("APD") are non-suable entities, and she therefore recommends that the Court dismiss all claims against them. <u>See</u> PFRD at 5.  Second, Magistrate Judge Fashing finds that the Plaintiffs fail to plead sufficient facts to support plausibly a claim for relief against Harness, Keller, Aguilar, or Kenny, and she therefore recommends that the Court dismiss all claims against them.  <u>See</u> PFRD at 6-7.  Third, Magistrate Judge Fashing finds that the Plaintiffs do not plead sufficient facts to support plausibly a claim under the First Amendment to the Constitution of the United States of America, U.S. Const. amend. I, or the Fourteenth Amendment to the Constitution of the United States of America, U.S. Const. amend. XIV, and she therefore recommends that the Court dismiss these claims.  <u>See</u> PFRD at 8-9.  Fourth, Magistrate Judge Fashing finds that Smith is entitled to qualified immunity, and she therefore recommends that the Court dismiss all claims against him.  <u>See</u> PFRD at 9-13. Finally, because Magistrate Judge Fashing recommends that the Court dismiss all federal claims, she also recommends that the Court decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims under the New Mexico Inspection of Public Records Act, N.M.S.A. §§ 14-2-1 through 14-2-12, ("IPRA"), and that the Court remand these claims to State court.  <u>See</u> PFRD at 13-15.

The Plaintiffs' "Response to City's Claim for Immunity" does not raise any specific Objections to Magistrate Judge Fashing's PFRD.  <u>See</u> Objections at 1-15.  First, the Plaintiffs

reallege their claims against the CPOA.  See Objections at 3-5.  The Plaintiffs do not address, however, Magistrate Judge Fashing's conclusion that the CPOA is a non-suable entity.  See Objections at 1-15.  The Plaintiffs do not object specifically to Magistrate Judge Fashing's findings and recommendations regarding the CPOA, and therefore do not preserve any issues regarding the CPOA for de novo review.  See One Parcel, 73 F.3d at 1060.

Second, the Plaintiffs reallege their claims under the IPRA.  See Objections at 5-8.  The Plaintiffs do not address, however, the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over their State law claims.  The Plaintiffs do not object specifically to Magistrate Judge Fashing's findings and recommendations regarding the State law claims, and therefore do not preserve any issues regarding these claims for de novo review.  See One Parcel, 73 F.3d at 1060.

Third, in their Objections, the Plaintiffs allege claims that are not included in the operative Complaint, filed May 21, 2021 (Doc. 1-1), and claims against defendants not named in the operative Complaint.  See Objections at 8-9.  The Plaintiffs allege that "all Police Office Defendants named in this complaint"[3] violated their civil rights.  See Objections at 8.  The caption of the Plaintiffs' Objections lists the following defendants who are not part of the operative complaint: Officer Mario Verbeck, Officer Rene Valdez, Officer Ismael Hernandez, Officer

---

[3]It is not clear why the Plaintiffs refer to the document as "this complaint."  It is not titled as an amended complaint, and the Plaintiffs have not complied with the rules for filing an amended complaint.  See Fed. R. Civ. P. 15.  Plaintiffs filed two previous amended complaints without following the rules.  See Amended Complaint, filed June 29, 2021 (Doc. 15); Amended Complaint, Names and Badge Numbers, filed November 22, 2021 (Doc. 19)("Second Amended Complaint").  Magistrate Judge Fashing twice admonished the Plaintiffs for failing to follow the rules.  See Order Striking Amended Complaint, filed July 1, 2021 (Doc. 16); PFRD at 15-18.  To the extent that the Plaintiffs here attempt to file yet another amended complaint without following the rules, the Court strikes it from the record.

Douglas Moore, and Detective Jason Allred.[4]    <u>See</u> Objections at 1.    The Plaintiffs allege constitutional violations that they do not allege in their operative Complaint -- namely, that all of these defendants violated the Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, U.S. Const. amends. IV, V, XIV. <u>See</u> Objections at 8-9.    Finally, the Plaintiffs allege additional violations against Smith that they do not allege in their operative Complaint.    <u>See</u> Objections ¶¶ 61, 62. at 9.    "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."    <u>Marshall v. Chater</u>, 75 F.3d at 1426.    <u>See</u> <u>United States v. Garfinkle</u>, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Fourth, in their conclusion, Plaintiffs cite case law about search warrants, exigent circumstances, anonymous tips, and probable cause.    <u>See</u> Objections at 12-13.    Magistrate Judge Fashing concludes that Smith is entitled to qualified immunity, because the Plaintiffs failed "to show how Officer Smith's actions violated their constitutional rights, fail[ed] to discuss whether the rights at issue were clearly established, and provide[d] no citations to case law showing that their rights were clearly established."    PFRD at 13.    To allege error in the PFRD, the Plaintiffs must allege that they already showed how Smith's actions violated their constitutional rights, that they already discussed how the rights were clearly established, and that they already cited case law showing that their rights were clearly established, which the Plaintiffs did not do.    To the extent

---

[4]The Plaintiffs filed an Amended Complaint listing these defendants.    <u>See</u> Second Amended Complaint at 1.    The Defendants filed a Motion to Strike this Amended Complaint.    <u>See</u> Motion to Strike at 1.    The PFRD recommends that the Court grant the Motion to Strike.    <u>See</u> PFRD at 17.    The Plaintiffs did not file objections to this recommendation.    <u>See</u> Objections at 1-15.    The Court will adopt the PFRD and grant the Motion to Strike the Second Amended Complaint.

that the Plaintiffs attempt to Object to Magistrate Judge Fashing's conclusion that Smith is entitled to qualified immunity, the cases cited haphazardly in their conclusion are not sufficiently specific to point out any error in Magistrate Judge Fashing's analysis. The Plaintiffs do not object specifically to Magistrate Judge Fashing's findings and recommendations regarding the claims against Smith, and therefore preserve no issues regarding these claims for de novo review.  See One Parcel, 73 F.3d at 1060.

The Plaintiffs do not object specifically to Magistrate Judge Fashing's findings or recommended disposition.  In fact, nowhere in the Plaintiffs' Objections do the Plaintiffs even mention the PFRD.  See Objections at 1-15.  Consequently, the Plaintiffs do not properly object to the PFRD, and the Court will not conduct a de novo review of the record in this case.  Because the Plaintiffs do not object specifically to Magistrate Judge Fashings's PFRD, they waive their right to appeal the PFRD's recommendations.

The Court nevertheless has reviewed carefully the PFRD.  The Court did not review the PFRD de novo, because the parties have not objected specifically to it, but rather reviewed Judge Fashing's findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court will adopt the recommendations.

**IT IS ORDERED** that: (i) Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion to Dismiss and for Qualified Immunity in Lieu of an Answer, filed May 28, 2021 (Doc. 9), is granted in part; (ii) all claims against the APD, the CPOA and the CPOA Board, Harness, Keller, Aguilar, Kenny, and

Smith are dismissed with prejudice; (iii) the Plaintiffs' claims for First and Fourteenth Amendment violations are dismissed with prejudice; (iv) Defendants Ed Harness, Martin Smith, Tim Keller, Esteban A. Aguilar, Sean Kenny, and Non-Suable Entities Civilian Police Oversight Agency, Civilian Police Oversight Agency Board, and Albuquerque Police Department's Motion to Strike Plaintiffs' "Amended Complaint, Names and Badge Numbers" [DOC. 19], filed December 6, 2021 (Doc. 20), is granted; (v) the Court strikes Plaintiffs' "Amended Complaint, Names and Badge Numbers", filed November 22, 2021 (Doc. 19), from the record; (vi) the Court declines to exercise supplemental jurisdiction over Plaintiffs' IPRA claims; (vii) the Court remands the remaining claims to the County of Bernalillo, Second Judicial District Court, State of New Mexico; (viii) Defendant Michael Geier's Motion to Dismiss for Lack of Service of Process, filed March 1, 2022 (Doc. 26), is granted; and (ix) all claims against Defendant Michael Geier are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Tess Miller
Christopher Jenkins
Albuquerque, New Mexico

      *Plaintiffs Pro Se*

Kristin J. Dalton
  Assistant City Attorney
City of Albuquerque
Albuquerque, New Mexico

      *Attorneys for Defendants Civilian Police Oversight Agency, Edward Harness, Martin Smith, Timothy M. Keller, Esteban A. Aguilar, FNU Kenny, and Albuquerque Police Department*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

*Attorneys for Defendant Michael Geier*